IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

Paulette Ivory,
*Plaintiff,*

V.

CASE NO. 3:25-cv-00466

Charles Schwab & Co., Inc.,
*Defendant.*

## PLAINTIFF'S AMENDED COMPLAINT

### A. Parties

1. Plaintiff, Paulette Ivory, is a 67, year old former employee of the Charles Schwab & Co., Inc.. Over 4 years she served in several capacities in Talent Acquisition, including Manager. Her position was downgraded to Talent Advisor when she was terminated.

2. Defendant Charles Schwab & Co., Inc., is a foreign for-profit corporation organized under the laws of the state of Delaware, operating in Texas under a certificate of authority. This Defendant may be served with process by serving the CT Corporation System at 1999, Suite 900 Dallas, Texas 75201.

### B. Jurisdiction

3. The Court's jurisdiction arises under Title VII of the 1964 Civil Rights Act, under 42 USC § 2000e-2, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. The Plaintiff also brings an action under the provisions of the Americans with Disabilities Act (ADA) *42 U.S.C. §§12102, 12111(8);* and, 42 USC §1981(a), (b) and (c); 42 USC §1983 and §1985.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices was committed in this district. Race Discrimination, Age

1

Discrimination, the failure to accommodate for a Disability, and Retaliation were committed in this district.

### D. Exhaustion of Administrative Remedies

5. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against defendants. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. Count 1 – Discrimination Under Title VII

6. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Black female.

7. Defendant is an employer within the meaning of Title VII. The Defendant has at least 501 employees.

8. Title VII's 42 U.S.C. 2000E-2(a)(2) states it is unlawful for an employer:
   "…to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin…"

9. Defendant intentionally discriminated against plaintiff because of her race in violation of Title VII by allowing a younger supervisor to bully and harass and ultimately discharge the Plaintiff. The complaints to the supervisor's supervisor creating a toxic environment, adversely affecting her compensation, terms, conditions, or privileges of employment, because of race and sex.

10. The Defendant had a "Open Door" policy of advocating verbal complaints to supervisors; a practice that allowed the supervisors to deny that any report had been made. Plaintiff was discredited, and humiliated, because the oral system left the Plaintiff no record to rebut the supervisors claim that no complaint of a "hostile work environment because she was a black

2

female" was ever made. The attorney for the Defendant stated in the law firm's response to the Plaintiff's EEOC:

> "Further, although Ms. Ivory claims in the Charge that she complained about her manager discriminating against her and bullying her, Charles Schwab has no record of any such complaints. According, (sic) there is no basis to support Ms. Ivory's retaliation discrimination claim."

11. Defendant intentionally discriminated against plaintiff because of her Race in violation of the Title VII. Plaintiff began her job as a Talent acquisition recruiter in 2019 at a salary of $92,000.00. At the time she was a Manager Talent Acquisition and per the response of the attorney for Charles Schwab in her response to the EEOC, verified that;

> "...Ms. Ivory's first two annual performance reviews when she was relatively new in her role evaluated her as "Met Expectations". However, Ms. Ivory had performance difficulties in 2021 and received an "Inconsistently Met Expectations" evaluation for that year..."

12. Coinciding with the 2021, decline in Chales Schwab's subjective evaluation of her performance was the fact that, at the height of the pandemic, in 2021, Defendant Charles Schwab acquired TD Ameritrade company. Mandy Lupke transferred over from TD Ameritrade and became Plaintiff's manager and evaluator. For the first time in her tenure at Charles Schwab, during the pandemic, Mandy Lupke, downgraded her performance, with no basis or explanation. Lupke set the administrative trap of claiming the performance was deficient and set unrealistic goals that she did not set for white younger employees. The white manager eventually manufactured a pretextual performance failure; and lowered her evaluation. Mandy Lupke recommended the termination of Ms. Ivory because she was not white and was Black.

### F. Count 2 – Claim Arising Under State Law

13. The Plaintiff incorporates and references the above paragraphs, and alleged the discrimination with respect to termination in violation of the Texas Labor Code §21.001 et seq. specifically:

> " Section 21.051 – Discrimination By Employer

3

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

**(1)** fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or

**(2)** limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee."

*Tex. Lab. Code § 21.051*

### G. Count 3 Discrimination Under ADEA

14. Plaintiff is an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of 40. (*See 29 U.S.C. §630(f).*)

15. Defendant is an employer within the meaning of the ADEA. (*See 29 U.S.C. §630(b)*).

16. Defendant intentionally discriminated against plaintiff because of her age in violation of the ADEA .( See 29 U.S.C. §631and 29 U.S.C. §633a ©). Plaintiff began her job as a Talent acquisition recruiter in 2019 at a salary of $92,000.00. At the time she was a Manager Talent Acquisition and per the response of the attorney for Charles Schwab in her response to the EEOC verified that;

> "...Ms. Ivory's first two annual performance reviews when she was relatively new in her role evaluated her as "Met Expectations". However, Ms. Ivory had performance difficulties in 2021 and received an "Inconsistently Met Expectations" evaluation for that year..."

17. Coinciding with the decline in subjective evaluation of her performance was the fact that, at the height of the pandemic, in 2021, Defendant Charles Schwab acquired TD Ameritrade company. Mandy Lupke transferred over from TD Ameritrade and became Plaintiff's manager and evaluator. For the first time in her tenure at Charles Schwab, during the pandemic, Mandy Lupke, downgraded her performance, with no basis or explanation. Lupke set the administrative trap of claiming the performance was deficient and set unrealistic goals that she did not set for

4

white younger employees. The white manager eventually manufactured a pretextual performance and lowered her evaluation due to disability leaves. Mandy Lupke recommended the termination of Ms. Ivory because she was over 40, disabled and black.

### H. Count 2 – Claim Arising Under State Law

18. The Plaintiff incorporates and references the above paragraphs, and alleged the discrimination with respect to termination in violation of the Texas Labor Code §21.001 et seq. specifically:

" Section 21.051 – Discrimination By Employer

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

**(1)** fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or

**(2)** limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee."

*Tex. Lab. Code § 21.051*

### I. State Claims

19. The Plaintiff incorporates and references the above paragraphs, and alleged the discrimination with respect to termination in violation of the Texas Labor Code §21.001 et seq. specifically:

" Section 21.051 – Discrimination By Employer

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

>**(1)** fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
>**(2)** limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee."

*Tex. Lab. Code § 21.051*

### J. Americans with Disabilities Act

20. Plaintiff is an employee within the meaning of the ADA. (*See 42 U.S.C. §12111©*).
1. Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). (*See 42 U.S.C. §§12102, 12111(8)*.) Defendant violated the ADA by intentionally discriminating against plaintiff because of disability.

21. Defendant's discriminatory acts include Plaintiff has severe back injury, with an overlay of depression and anxiety symptoms that substantially limited, one or more major life activities. Plaintiff was discriminated against, in that the Plaintiff was disciplined for alleged performance failure and given excessive work requirements that a younger white person without a disability did not receive. Plaintiff's depression and anxiety were aggravated by the treatment and hostile work place due to her age and disability to the extent that she went on short term disability twice after being subjected to the discriminatory practices of Mandy Lupke.

22. Additionally, the upper management dismissed her complaints of unfair toxic environment, created by Mandy Lupke, despite the so called "Open Door" policy which allowed the upper management to deny being advised that a black disabled person was being unfairly and against company policy because there was no written record maintained. This is especially egregious given that Plaintiff was granted disability leave twice for up to six months. The defendant made some accommodations in recognition of disability and received accommodations. However, when she was released for medical disability (FMLA) she was informed that her position had been filled by a younger white person without a disability. The Plaintiff was disciplined and given excessive work requirements that a younger white person without a disability was not demanded to do. The plaintiff was terminated for alleged performance deficiency. She was terminated upon return to work after being on company paid disability for 6 months.

23. Plaintiff required reasonable accommodations to perform her job. Although plaintiff requested these accommodations, defendant did not make them. (*See 42 U.S.C. §§12111(9), 12112(b)(5)(A)*) Defendant discriminated against plaintiff by failing to authorize the

6

accommodation of a transfer, to a different department and manager, other than Mandy Lupke, This accommodation would have prevented a trigger of her depression and anxiety symptoms, to a point that substantially limited one or more major life activities. Ms. Ivory was given disability leave twice for up to six months, The defendant made some accommodations in recognition of disability. However, when she was released for return to work, she was terminated for alleged performance deficiency; while a younger white person without a disability, with alleged performance deficiencies, was not terminated.

### K. Retaliation

24. The Plaintiff was retaliated against by Mandy Lupke after Plaintiff made a complaint of bullying, unfair treatment unwarranted discipline and threats of termination. These complaints were made to the to the Director of HR and other superiors of Mandy Lupke. Plaintiff made the complaints in respect to the "Open Door" policy.

Under that policy Plaintiff thought she would be safe, because the "Harassment and Discrimination Policy" of Defendant states that;

> "..Retaliation against anyone involved in reporting of prohibited behavior or the investigation of a complaint will not be tolerated .""" ("Harassment and Discrimination Policy", Page 2/7, paragraph 8).

25. Despite that statement in the "Harassment and Discrimination Policy" Ms. Ivory suffered a pattern of retaliation at the hands of Ms. Lupke. The retaliatory actions intensified, with unfair performance evaluations, continued bullying, disrespect in the workplace, replacement by younger white persons without a disability, among other acts. The retaliation culminated with Ms. Lupke terminating the Plaintiff upon her return from disability leave. Ironically, with the apparent support of the people to which Ms. Ivory complained.

26. Retaliation was hidden behind the unrecorded nature of the "Open Door" policy. In fact, in the official response to the EEOC, by the attorney for the Defendant, in their response to the EEOC stated:

> "...Further, although Ms. Ivory claims in the Charge that she complained about her manager discriminating against her and bullying her, *Charles Schwab has no record of any such complaints*. According, there is no

7

basis to support Ms. Ivory's retaliation discrimination claim. .." (*emphasis added*).

27. The evidence supports the retaliation claims. Some courts have used the concept of a "convincing mosaic" to describe the combination of different pieces of evidence to show retaliatory intent. This is not a legal requirement or a causation standard, but rather simply a description of combining different pieces of evidence to satisfy the applicable causation standard. *Ortiz v. Werner Enters., Inc.*, No. 15-2574, 2016 WL 4411434, at *3–4 (7th Cir. Aug. 19, 2016); *Muñoz v. Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R.*, 671 F.3d 49, 56 (1st Cir. 2012) (holding that "[w]hen all of these pieces are viewed together and in [plaintiff's] favor, they form a mosaic that is enough to support the jury's finding of retaliation," even though challenged termination occurred five years after he filed his ADEA lawsuit).

L. Damages

28. As a direct and proximate result of defendant's conduct, plaintiff suffered the following

a. Plaintiff was denied a promotion to Talent Acquisition Manager resulting in lost pay and benefits. Plaintiff was discriminately terminated and lost salary, benefits, bonuses, and retirement values of at least $92,000.00 a year. A calculation would prorate the compensation for 2023. Plaintiff is entitled to compensation for each year until the Schwab 70 year old retirement age. She was 56 years old in 2023.

b. Plaintiff was demoted from Talent Acquisition Manager to Talent Advisor to resulting in lost pay and benefits.

c. Plaintiff was discharged from employment with Defendant. Although plaintiff has diligently sought other employment, she has been unable to find a job at comparable pay. In addition, the Plaintiff has incurred expenses in seeking other employment: and has had to pay for medical treatment that otherwise would have been covered by the disability and health benefits plan offered by defendant.

d. Plaintiff suffered loss of her pension or retirement benefits, if any. Plaintiff suffered mental anguish, humiliation and emotional distress, aggravating her disability. The Plaintiff seeks

8

injunctive relief and compensation, as a result of her termination from her career due to discrimination. A sum of $250,000.00 would fairly compensate her for these elements.

### M. Attorney Fees

29.    Plaintiff is entitled to an award of attorney fees and costs under Title VII 42 USC §2000e-5, 42 USC §1981a, ADEA, ADA, and the Texas Labor Code §21.001 et seq.

### Prayer

30.    For these reasons, Plaintiff asks for judgment against Defendant for the following:

a. Past and future earnings in the amount of $1,200,000.00

b. $250,000.00 mental anguish and emotional distress.

c. $40,000.00 for reasonable attorney's fees costs.

d. Costs of suit

e. All other relief the court deems appropriate.

Respectfully submitted,

/s/ *Regina M. Scrivner-Tibbs*
Regina M. Scrivner-Tibbs
SBN 17931200
1106 Greystone Ridge
San Antonio, Texas 78258
Tel. 210.415-4715

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2025, I electronically filed the foregoing Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered to receive electronic service.

LSchoonmaker@seyfarth.com
**Linda C. Schoonmaker**
700 Milam St. | Suite #1400 | Houston, Texas 77002-2812
Direct: +1-713-860-0083 | Fax: +1-713-821-0656

/s/ *Regina M. Scrivner-Tibbs*
Regina M. Scrivner-Tibbs

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dallas District Office
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/26/2024

**To:** Mrs. Paulette M. Ivory
2003 Biscayne Dr
Lewisville, TX 75067
Charge No: 450-2023-07486

EEOC Representative and email:    Chandran Newsome
Investigator
Chandran.Newsome@EEOC.Gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2023-07486.

On behalf of the Commission,

Shemell D. Perry
Digitally signed by Shemell D. Perry
Date: 2024.11.26 13:45:38 -06'00'

For Travis M. Nicholson
District Director

Cc:
Michael Sears
3000 Schwab Way
Westlake, TX 76262

Linda Schoonmaker
Seyfarth Shaw LLP
700 Milam St, Suite 1400
Houston, TX 77002

Please retain this notice for your records.

# EXHIBIT B

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| EEOC | 450-2023-07486 |
| FEPA | |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Mrs. Paulette M. Ivory | 214-906-3817 | 1958 |

Street Address
2003 Biscayne Dr
LEWISVILLE, TX 75067

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Charles Schwab Headquarters | 501+ Employees | |

Street Address
3000 SCHWAB WAY
WESTLAKE, TX 76262

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

**DISCRIMINATION BASED ON**

Age, Disability, Race, Retaliation

**DATE(S) DISCRIMINATION TOOK PLACE**

Earliest: 11/01/2022
Latest: 06/16/2023

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment in 2019 as a talent acquisition recruiter. In 2021, Mandy I began my employment with Charles Schwab in 2019 as a Talent Advisor with the Human Resources department. In 2021, Mandy Lupke transferred over from the newly acquired TD Ameritrade company and she became my new Manager. My latest position when I left was Talent Advisor, but was previously, Manager Talent Acquisition. I was a qualified individual with a disability. My employer was aware of my disability since I went on two disability leaves and requested accommodations which I was eventually granted. During my employment, Mandy subjected me to different terms and conditions of employment than my peers. I complained to a senior manager in HR that I believe Mandy was discriminating against me because of my race. I also complained to my manager's boss and the Director of HR that I was being bullied by Mandy. Afterwards, when I attempted to transfer to other HR departments, I was written up as a means of retaliation. I was discriminated against for my age, race and disability. On or about June 16, 2023, I was terminated for alleged performance reasons as a pretext.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date _____ Charging Party Signature _____

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| EEOC | 450-2023-07486 |
| FEPA | |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

I believe I was subjected to different terms and conditions of employment and then discharged due to my race (black), age, disability, and in retaliation for complaining of discrimination in violation of Title VII of the Civil Rights Act, as amended, the Age Discrimination in Employment Act, as amended, and the Americans with Disability Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date                                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |